IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**NICHOLAS BIGLEY,**

      **Plaintiff,**

v.                                                     Civil Action No. 1:23-CV-68
                                                            (JUDGE KLEEH)

**MORGANTOWN SHERIFF DEPT.,
SHERIFF DEPT., DEPT. WATKINS,
MORGANTOWN WEST VIRGINIA
Perri DeChristopher, DOMAIN TOWN
CENTER, and CANVAS TOWN HOMES,**

      **Defendants.**[1]

**REPORT AND RECOMMENDATION, AFTER INITIAL
SCREENING, RECOMMENDING THAT PLAINTIFF'S
COMPLAINT [ECF NO. 1] BE DISMISSED WITHOUT PREJUDICE**

      On September 5, 2023, *pro se* Plaintiff Nicholas Bigley ("Plaintiff") filed a Complaint against the above-captioned Defendants. [ECF No. 1]. Having screened Plaintiff's Complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2), the undersigned now **RECOMMENDS** that the Complaint [ECF No. 1] should be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief may be granted.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

      For the Complaint itself [ECF No. 1], Plaintiff sets forth a number of handwritten notes on a pre-printed form. The handwritten notes are wide-ranging in nature, fragmented, and seemingly incomplete. As best as the undersigned can discern, Plaintiff complains of actions undertaken by local law enforcement officials and certain other entities. The exact (or even general) nature of the

---

[1] The names of the party-defendants in the case caption here are taken from the *pro se* Complaint lodged herein. The undersigned is aware that names of the party-defendants in the case caption may appear to be incomplete and/or improperly set forth. This is noted for its own sake, and is emblematic of the undersigned's recommendation to screen the matter for dismissal.

allegations about law enforcement is unclear. Further, Plaintiff complains about housing discrimination. However, the events of which Plaintiff complains are unclear, as is the connection between law enforcement actions and the problems with Plaintiff's housing.

Plaintiff purports to lodge a claim under 42 U.S.C. § 1983. [ECF No. 1, at 3]. Plaintiff seems to indicate, on the civil cover sheet, that he intends to pursue a class action, and seeks damages in the amount of $25,000.00. [ECF No. 1-1]. To add somewhat more context, Plaintiff includes a handwritten note on an attachment that appears to be an insurance company's rejection of a claim. The handwritten note indicates that Plaintiff has some complaint about a sheriff's department charging more than once for the same offense, and not being responsive to packages being stolen from Plaintiff. Plaintiff also attaches certain papers involving the West Virginia Human Rights Commission.

It is not clear whether other alleged acts or omissions give rise to the claim under 42 U.S.C. § 1983. And it is not clear whether Plaintiff seeks to bring legal claims in addition to the 42 U.S.C. § 1983 claim.

Finally, in conjunction with his other filings, Plaintiff filed a *pro se* Motion for Leave to Proceed *in forma pauperis* including an Application to Proceed Without Prepayment of Fees and Affidavit. [ECF No. 2].

On September 6, 2023, this Court, by the Honorable Thomas S. Kleeh, Chief United States District Judge, entered an Order of Referral [ECF No. 4], referring this matter to the undersigned United States Magistrate Judge in order "to conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise."

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1915(e)(2)(B), where a plaintiff is seeking to proceed without the prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

This screening is generally conducted prior to ruling upon the Motion for Leave to Proceed *in forma pauperis* and Application to Proceed Without Prepayment of Fees and Costs and before service of process. See Portee v. United States Dep't of Agric., No. 2:15-CV-13928, 2016 WL 4962727, at *2 (S.D.W. Va. July 14, 2016) (Tinsley, J.), *report and recommendation adopted*, No. 2:15-CV-13928, 2016 WL 4942023 (S.D.W. Va. Sept. 15, 2016) (Johnston, J.). The purpose of this statute is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. See also Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (initial screenings required because § 1915 removed the "economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.") (internal citations omitted); Whitehead v. Paramount Pictures Corp., No. 1:08CV792, 2009 WL 1565639, at *4 (E.D. Va. May 28, 2009), *aff'd in part sub nom.* Whitehead v. Paramount Pictures, Inc., 366 F. App'x 457 (4th Cir. 2010) (upholding dismissal). Thus, while

28 U.S.C. § 1915(e)(2)(B) speaks specifically to review as to *pro se* litigants who are prisoners, the Court may conduct such a screening regardless of whether a *pro se* litigant is a prisoner.

Relatedly, the undersigned of course is mindful of Plaintiff's *pro se* status in this context. Because Plaintiff is proceeding *pro se*, the Court must liberally construe the pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS OF COMPLAINT

The Complaint [ECF No. 1] provides **no** factual allegations as a basis for the Plaintiff's claims which would allow this Court to grant relief. Nor does Plaintiff set forth in the Complaint (and attached materials) any necessary legal grounds entitling him to any relief.

Plaintiff invokes a number of partially-formed statements and invocations of legal principles, and loose citations to legal authority, in support of his perceived grievances. However, the precise identities of Defendants, their alleged actions, and Plaintiff's theories of relief, all are indiscernible. As such, Plaintiff's Complaint falls woefully short of stating viable claims.

Rule 8(a) of the Federal Rules of Civil Procedure does not generally require that claims be pled with great detail. To this end:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Nonetheless, even though Rule 8 does not require great particularity, claims must be pled with sufficient detail such that a defendant has fair notice of the basis of a plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). More specifically:

> It is established that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. We have recognized that facial plausibility is established once . . . the complaint's factual allegations produce an inference . . . strong enough to nudge the plaintiff's claims across the line from conceivable to plausible. In assessing the sufficiency of a complaint, we assume as true all its well-pleaded facts and draw all reasonable inferences in favor of the plaintiff. Thus, to satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged.

Nanni v. Aberdeen Marketplace, Inc., 878 F.3d 447, 452 (4th Cir. 2017) (internal citations and quotations omitted). As a corollary, of course, legal claims asserted must have a basis in both fact and law.

In the instant matter, the legal claims asserted are wholly unclear. And the factual and legal bases for the claims also are wholly unclear. As noted above, Plaintiff makes reference to 42 U.S.C. § 1983. But the reasons in support of the claim are not discernible. Throughout the papers Plaintiff filed, there are fragmented handwritten notes concerning "housing discrimination," "double jeopardy," and the like. And Plaintiff attaches documents to the Complaint which appear to be, variously, related to a claim rejected by an insurance company, and a proceeding before the West Virginia Human Rights Commission. However, the undersigned cannot discern how these attached documents support whatever claims or theories of relief the Plaintiff wishes to pursue. To illustrate

5

the indecipherable nature of Plaintiff's Complaint, this is a screenshot of the section in which Plaintiff requests relief:

[handwritten Section V. Relief from Plaintiff's Complaint — illegible]

As a neighboring District Court once helpfully summarized:

[A] district court "is not obliged to ferret through a [c]omplaint, searching for viable claims." Wynn–Bey v. Talley, No. RWT-12-3121, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012). On the contrary, courts have "unhesitatingly dismissed actions where the complaint:

- consisted of "a labyrinthian prolixity of unrelated and vituperative charges that def(y) comprehension," Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972), cert. denied, 411 U.S. 935, 93 S.Ct. 1911, 36 L.Ed.2d 396 (1973);

6

- was "confusing, ambiguous, redundant, vague and, in some respects, unintelligible," Wallach v. City of Pagedale, Missouri, 359 F.2d 57, 58 (8th Cir. 1966);
- was "so verbose, confused and redundant that its true substance, if any, is well disguised," Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir.), *cert. denied*, 382 U.S. 966, 86 S.Ct. 458, 15 L.Ed.2d 370 (1965);
- contained "a completely unintelligible statement of argumentative fact," Koll v. Wayzata State Bank, 397 F.2d 124, 125 (8th Cir. 1968), with "little more than demands, charges, and conclusions," Burton v. Peartree, 326 F.Supp. 755, 758 (E.D. Pa. 1971);
- represented "circuitous diatribes far removed from the heart of the claim," Prezzi v. Berzak, 57 F.R.D. 149, 151 (S.D.N.Y. 1972); or
- set forth "a meandering, disorganized, prolix narrative," Karlinsky v. New York Racing Association, Inc., 310 F.Supp. 937, 939 (S.D.N.Y. 1970).

Jianqing Wu v. TrustPoint Int'l, No. CV PWG-15-1924, 2015 WL 13091378, at *1 (D. Md. Oct. 5, 2015) (formatting altered) (quoting Brown, 75 F.R.D. at 499 (dismissing complaint that was "a confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and agencies" and that "contain[ed] an untidy assortment of claims that [were] neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments")).

Plumhoff v. Cent. Mortg. Co., 286 F. Supp. 3d 699, 702 (D. Md. 2017).

In the instant matter, the claims, arguments, bases for theories of relief, and supporting documentation are similarly disjointed. They are nonsensical, and in need of cogent reorganization and presentation. Moreover, the identities of Defendants are completely unclear, as are the acts or omissions in which they are alleged to have engaged. In fact, certain Defendants seem to be misidentified altogether (for example, there is no such entity as "Morgantown Sheriff Dept."). As such, the undersigned **FINDS** that Plaintiff sets forth no cognizable claims, and as such, fails to state a claim upon which relief can be granted.

### IV. PLAINTIFF'S REQUEST TO PROCEED *IN FORMA PAUPERIS*

Because of the lack of any factual allegations of acts, omissions, or wrongdoing by Defendants giving rise to cognizable legal claims, the undersigned **FINDS** that the Complaint fails to state a claim upon which relief may be granted. After performing an initial screening pursuant to 28 U.S.C. § 1915(e)(2), the undersigned concludes and **RECOMMENDS** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] be denied.

### IV. RECOMMENDATION

For the abovementioned reasons, the undersigned **FINDS** that the Complaint [ECF No. 1] fails to state a claim upon which relief may be granted. Accordingly, the undersigned respectfully **RECOMMENDS** Plaintiff's Complaint, filed in *forma pauperis* [ECF No. 1], should be **DISMISSED** in its entirety **WITHOUT PREJUDICE** after review and screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Further, the undersigned **RECOMMNEDS** that Plaintiff's corresponding motion to proceed *in forma pauperis* [ECF No. 2] be **DENIED**.

Any party shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of**

8

**appellate review by the Circuit Court of Appeals.** <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia, and to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED**: September 12, 2023.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE